## Prussian National Insurance Co. of Stettin, Germany v. Terrell.

### (Decided March 14, 1911.)

### Appeal from McCracken Circuit Court.

1. Insurance, Fire—Description of Property.—The description in a policy of insurance of the property insured is not intended to specify accurately every part of the building. Its purpose is to identify the building, and in the absence of a plea and clear showing of fraud or mistake the policy will be construed to cover an addition to the original building which was erected two years before the policy was issued.

2. Settlement—When Set Aside.—Mutual mistake, or mistake of the insurer and fraud on the part of the insurer's agent is sufficient to set aside a settlement of insurance.

3. Transfer to Equity.—The court may properly transfer a cause to equity where there are several peculiar questions involved and a number of questions of fact which are so interwoven with the questions of law as to make it practically impossible to instruct the jury on the issues involved.

OLIVER & OLIVER for appellant.

THOS. N. HAZELIP and HENDRICK & CRICE for appellee.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Affirming.

In the year 1905 or 1906, appellee John B. Terrell erected in the city of Paducah a brick livery stable 57

feet in length by 173 feet in depth. The front portion of the stable was two stories high, while the rear was only one story high. The roof was of gravel. Upon the completion of the building appellee obtained from appellant Prussian National Insurance Company, of Stettin, Germany, a $3,000 policy of insurance against fire. This policy ran for three years. At its expiration appellant's agent applied to appellee to continue his insurance. This he declined to do, because the premium rate had been increased. He agreed, however, to take out a policy for $1,000, to continue for one year. This policy was issued on September 29, 1908. The descriptive portion of the policy is as follows:

"$1,000 on his two and one-story brick, gravel roof building, including foundations, piping, plumbing, lighting, glass and all permanent fixtures as a part of said building, situated on the north side of Jefferson street, between 4th and 5th streets in the city of Paducah, Kentucky, and occupied as a livery, sale and feed stable.

"Additional insurance permitted. Lighting clause attached. Warranted that no open lights shall be used about the premises, and that no smoking shall be allowed inside of said building."

About two years before this policy was issued, A. Sidney Terrell, appellee's brother, erected on top of the roof of the rear portion of the building a room 18 feet wide, 60 feet long, and 10 or 12 feet high, with a metal roof. This additional room was constructed by extending the east of the brick wall some 14 feet higher, and by placing on the original timbers of the building other material. The understanding between appellee and his brother with reference to this additional building was that his brother was to erect it and use it as long as he desired, and in the event he ceased to use it he had the right to tear the addition down or let it remain and become the property of appellee. The room so constructed was known and is referred to in the record as the "Sid Terrell addition." Upon the completion of this additional room, the agents of the Rochester German Insurance Company applied to Sidney Terrell to take insurance upon the room to protect his own interest. This he agreed to do in the sum of $400. Before the policy was written, however, Sidney Terrell and the agent of the Rochester German Insurance Company had another conversation in regard to how the policy should be writ-

ten. In that conversation the agent of the Rochester German Insurance Company told Sidney Terrell that, as he had no title to the property, the policy should not be issued in his name, but that it would be best to issue it in the name of his brother, the owner of the building, and in case of loss by fire he and his brother could adjust their respective interests between themselves. This was accordingly done, and the policy for $400 was issued in the name of John B. Terrell. This policy covered the entire building, and became concurrent insurance with the policy issued by appellant, which permitted other insurance.

While these policies were in force a fire occurred, which damaged the original building to the extent of $222.22, and the Sid Terrell addition to the extent of $400.08. Soon after the fire an estimate of the loss was made out, and appellee settled with appellant for the sum of $222.22. This settlement was made in the belief that appellee's policy covered only the original building, while that of his brother covered only the addition constructed by him. At the time the settlement was made, appellee made a statement in writing that the policy of $1,000 in appellant company was all the insurance he had on the stable, but that he understood that his brother, Sidney Terrell, had a policy of $400 to protect his interest on account of the wareroom which he had placed on top of the building. At the same time, he stated that he had no interest in the wareroom and no interest in the policy of insurance which his brother had procured. He also signed a release acknowledging full settlement of any and all claims for damages which he had against appellant company. On the night of the day on which this settlement was effected, appellee learned that his brother's policy in the Rochester German Insurance Company was concurrent insurance on the whole building. He then demanded of appellant's agent a rescission of the agreement. Appellant's agent had sent the papers to appellant's home office. Appellee then telegraphed appellant to the effect that he desired to rescind the settlement. Some time later appellee tendered to appellant additional proof of loss, in which he claimed and demanded the sum of $622.50, and tendered to appellant the $222.22 paid by it to appellee in the settlement made September 28, but appellant declined to take any action in the matter.

On January 19, 1910, appellee brought this action against appellant to recover the sum of $622.50, the total loss upon the entire building. Appellant defended on several grounds. In the first paragraph it denied that the policy sued on covered the entire building, and denied that appellee had been damaged in any sum in excess of $222.22. In the second paragraph it pleaded that the policy was intended to cover, and did cover only appellee's livery, sale and feed stable, and that the rate of $32.50 was the rate upon said building when used exclusively for that purpose and for no other purpose, and that the rate was made with the understanding that the building should be used for the purposes of a livery, sale and feed stable alone, and on the express warranty that no open light should be used in or about the premises and that no smoking should be allowed inside said building; that had it not been for such warranty appellant would have exacted a much higher rate. After appellee had obtained the rate, he, without the knowledge or consent of appellant, permitted his brother, A. Sidney Terrell, to use his addition for the purpose of handling, storing, packing, rectifying and mixing vines and liquors, whereby the risk upon said building was made more hazardous. It was also charged that appellee, in violation of his contract, had permitted his tenants and their employes habitually to smoke cigars, cigarettes and pipes in said building and all parts thereof. In paragraph three appellant pleaded the settlement hereinbefore referred to. In paragraph four it charged that it paid $222.22 under a mistaken belief that it was liable on the policy, whereas, because of appellee's violation of the terms of the policy, it was not liable at all. It, therefore, asked for a recovery of the $222.22 so paid. In paragraph five appellant pleaded the agreement between appellee and his brother, and charged that it was not liable for any of the damages resulting to the Sid Terrell addition, but that the Rochester German Insurance Company, in which Sid Terrell had obtained a policy, was alone liable for the damage to the addition; or that, if appellant was liable at all, it was only liable for 10-14ths of the total amount. The answer concluded with a prayer for the recovery of the $222.22 which appellant paid in settlement of appellee's claim. Appellee replied denying all the allegations of the answer except the plea of settlement. He admitted settlement and pleaded that it was

obtained by fraud or mistake. Appellee also paid into court the $222.22, with interest from the date of settlement. He then moved that the master commissioner be ordered and directed to pay that sum to appellant, or its attorney. This motion was sustained. Appellant's attorney declined to receive the money. On the motion of appellee, that portion of appellant's answer pleading the liability of the Rochester German Insurance Company, to the extent of 4-14ths of the loss upon the building, was stricken out. Thereupon appellant filed an amended answer for the purpose of stating more accurately its defense in that part of the original answer stricken out, and pleaded that the Rochester policy was concurrent insurance and that the appellant in no event could be liable for more than 10-14ths of the total loss. This action was brought at common law, but, on the court's own motion, was transferred to equity. Appellant then made a motion to transfer back to common law. This motion was overruled. Evidence was taken by depositions, and, upon submission, the court gave judgment in favor of appellee for $444.50, with interest and costs. From that judgment the insurance company has appealed.

When the court announced its decision before judgment was entered, appellant filed an amended answer and cross-petition asking that the Rochester German Insurance Company be made a party, as it had a policy which, by mistake, was written so as to cover the entire building instead of the Sid Terrell addition, which it was intended to cover. The court declined to permit the amended answer and cross petition to be filed.

One of the principal contentions of appellant is that its policy as a matter of fact covered only the building as originally constructed, and never embraced the Sid Terrell addition; and that, therefore, it is not liable for any part of the loss on that addition. The law is well settled that, in the absence of a plea and showing of fraud or mistake, the intention of the parties to a written contract must be gathered not from what the parties said or did, or thought they intended, but from the contract itself. Here the Sid Terrell addition had been upon the building insured for about two years when the policy sued upon was issued. It is true, the policy describes the building insured as a "two and one-story brick, gravel roof building;" but did this description neces-

sarily exclude any part of the building insured? It must be borne in mind that a description in a policy of the building insured is never accompanied, or intended to be accompanied, by the particularity of an architect's plans and specifications. The purpose of the description is simply to identify in a general way the building insured. Because the description fails specifically to include any particular portion of the building is no reason why that portion should be excluded from the operation of the policy. Any other rule would lead to endless confusion and all sorts of frivolous pleas and contentions. The courts would be called upon to say whether or not a bay window, a back porch, or a bath room was included in the policy which simply described in a general way the building of which they were a part at the time the insurance was obtained. The result would be that, unless a man took the care to describe with particularity each and every portion of the building insured, he would never know what his rights were under his policy; while an insurance company would always have some plausible pretext upon which to resist payment of the policy. Our conclusion is that where the description in the policy is sufficient to identify the building insured, every part of the building is necessarily covered by the policy, in the absence of a plea of fraud or mistake and clear and satisfactory evidence showing the contrary. Here no such case is presented, and we are, therefore, of opinion that the policy sued upon covered the entire building.

In the same connection it is insisted that the Rochester German Insurance Company alone is liable for loss on the Sid Terrell addition, it being argued that the intention of Sidney Terrell was to secure a policy covering that addition, and that by mistake it covered the entire building. The proof, however, does not sustain this contention. It clearly established the fact that it was agreed to issue a policy in the name of John B. Terrell upon the entire building and let him and Sidney Terrell, in case of loss by fire, adjust their respective interests between themselves. With this understanding the policy was so issued.

It is perfectly clear that the settlement was made under such circumstances that the law will not permit it to stand. Appellee believed that his policy in the appellant company covered only his portion of the building. He also believed that his brother's policy in the Roches-

ter German Insurance Company covered only the Sid Terrell addition. There is evidence to the effect that appellant's agent had been informed by the agent of the Rochester German Insurance Company that that Company had a concurrent policy upon the entire building. It is unnecessary to determine whether or not appellant's agent was guilty of fraud in the transaction complained of. It may be that he honestly believed that the policy in appellant company covered only the original building, while the policy in the Rochester German Insurance Company covered only the Sid Terrell addition. Whether this transaction was the result of a mutual mistake of appellee and appellant's agent, or was the result of a mistake on the part of appellee and fraud on the part of appellant's agent, is immaterial; in neither event should the settlement be allowed to stand. (Kentucky Citizens' Building & Loan Association v. Lawrence, 106 Ky., 88; Bergen v. Ebey, 88 Ill., 269; Simmons Creek Coal Co. v. Doran, 142 U. S., 417.)

Appellant was not prejudiced by the court's action in striking out a part of its answer. In its amended answer, it set up substantially the same claim, i. e., that the policy of the Rochester German Insurance Company covering the property in question was for the amount of $400, and that appellant was not liable in any event in excess of 10-14ths of the total loss. The court, in its judgment, gave appellant the benefit of this plea.

Appellant's offer, to file an amended answer and cross-petition, making the Rochester German Insurance Company a party, came too late. It knew of the existence of the policy in that company at the time settlement was made, and it had abundant opportunity to make that company a party had it so desired. Under these circumstances a party to an action will not be permitted to wait until the court is ready to announce its decision, and then insist on bringing in another party whom by the exercise of any kind of diligence he could have brought in long before.

But it is insisted that the court erred to appellant's prejudice in transferring the case to equity, and refusing to re-transfer it, upon appellant's motion, back to the common-law docket. The Code permits a transfer to the equity docket where the court is of opinion that such transfer is necessary because of the peculiar questions involved, or because the case involves accounts so com-

plicated or such detail of facts as to render it impracticable for a jury to intelligently try the case. (Subsection 4, section 10, Civil Code.) Here the pleadings presented not only several peculiar questions, but about twenty issues of fact, which were so interwoven with the questions of law that it was practically impossible for the court to instruct the jury upon the issues involved. Under these circumstances, we conclude that the court did not err in transferring the case to equity.

Appellant further complains of the fact that, by the judgment in question, it is compelled to pay the $444.50 in addition to the $222.22. This, however, is not the case. The $222.22 is now in court under an order directing the commissioner to pay it to the appellant. To satisfy the judgment, all that appellant will have to do will be to withdraw this money, add to it the difference between it and the total amount of the judgment, and pay the whole sum over to appellee.

Without detailing the evidence upon the numerous questions of fact involved, we conclude that the evidence fully justifies the finding of the chancellor.

Judgment affirmed.

Whole court sitting.