O’NIEDL, C. J.
 

 This is a shit on a fire insurance policy for $5,000. The policy covered the one-story composition roof brick building,
 
 *103
 

 No.
 
 1029 Iberville
 
 street, in New
 
 Orleans! Tbe insured, plaintiff in this suit, owned also tbe two-story slate roof brick building, No. 1631 and 1033 Iberville street. Tbe two-story building was insured for $10,000 by tbe General Eire Insurance Company, of Paris. Tbe two buildings were adjacent, haying a common wall between them. There was a brick fire wall, extending four feet above the roof, over the front and rear and outside wall of the one-story building. A fire occurred in the two-story building, damaging it to the extent, approximately, of $15,000, and damaging the one-story building to the extent of $82. The General Eire Insurance Company paid the $10,000 insurance on the two-story building, and the defendant, National Eire Insurance Company, paid the $82 for the damage to the one-story building. This suit is for the unpaid $4,918 of insurance on the one-story building. The demand was rejected and the suit dismissed. The plaintiff has appealed.
 

 The theory of the appellant is twofold. It is contended, first, that the two brick buildings were really only one building, and therefore that this $5,000 policy on the building described as a one-story composition roof brick building, No. 1029 Iberville street, covered also the adjacent two-story slate roof brick building, No. 1031 and 1033 Iberville street. It is contended, secondly, that this $5,000 policy on the one-story brick building covered also a frame structure, covered with a composition roof, over a gymnasium, in the yard behind the one-story brick building, and extending into the yard behind the two-story' brick building; which frame structure, with its composition roof, was also damaged by the fire.
 

 We agree with the district court that the one-story brick building, covered by the policy sued on, and the two-story brick building, covered by the $10,000 policy, were not one or the same building. The insurance on the one-story brick building, therefore, did not cover the excess of damage done to the two-story building. We agree with the district court also that the frame structure, cov-; ered with composition roofing, and used as a gymnasium, in the rear of the one-story brick building, and extending into the yard behind the two-story building, was not a part of the one-story brick building, and was therefore not covered by the policy sued on.
 

 The judgment appealed from is affirmed.