Francis J. Donovan, J.
This is a small claim proceeding wherein claimant seeks to recover the replacement cost of a collapsed cesspool attached to his house.
The defendant, the insurer on a so-called “ Home Owners Policy ”, admits coverage but contends that its liability is limited to replacement less depreciation. The replacement cost, $300, is not in dispute. Defendant contends that depreciation of $225 must be applied to reduce the loss to $75.
The question involved transcends the limited rights of the immediate parties. The court has been informally advised of numerous claims where insurers have been and are adjusting claims on the assumption depreciation is applicable to such losses. Involved are the thousands of home owners who have such policies and whose cesspools are in danger of collapse.
The question turns on whether or not the loss is within the following clause :
“3. Replacement Cost Coverage • — -As respects building structures:
“a. In the event of loss to a building covered under this policy, when the full structure cost of repair or replacement is both (1) less than $1,000 and (2) less than 5% of the whole amount of insurance applicable to such building structure for the peril causing the loss, the coverage of this policy is extended to include the full cost of such repair or replacement without deduction for depreciation.”
If a cesspool is a building structure or part of a building structure, the full replacement cost should be paid without deduction. Defendant, however, contends a cesspool is equipment. Distinctions have long been made between “ structure ” and “ equipment ” in determining what is real and what is personal property for taxing purposes and in litigating as to which things are deemed to pass with title to land. The term structure has also been defined in zoning litigations.
No doubt that a cesspool is a structure as that term is generally defined. The term used in the policy is ‘1 building structure ”. Not every structure is a “building structure ”.
A distinction between a “ structure ” in general and a “ building structure ” was noted in Conley v. Lackawanna Iron & Steel *183 Co. (94 App. Div. 149). Construing the phrase “ house, building or structure,” as used in section 18 of the Labor Law, the court said (p. 152): “ While the word ‘ structure ’ may cover a great variety of form and construction, yet, when used in connection with the words ‘ house ’ and 1 building, ’ it is evidently intended to simply describe a variety of building, and it would seem that it could not, by any possibility, be interpreted to mean a boiler which is portable, and may be readily moved from place to place as convenience in its use may require. Such a boiler rather becomes an appliance in the business for which it is used, and, on account of its portable character can hardly be said to become so attached to premises as to constitute a part of the building or structure meant by the statute and the recognized character of which is its permanency and immobility. ’ ’
The “ building structure ” is the house. The cesspool is permanently affixed to the land. It is attached to the house. Without it the house cannot function; it would not be certified for occupancy by the municipal authorities. The cesspool is an integral part of the dwelling. Its collapse is therefore compensable at replacement cost without deduction for depreciation.
In this connection University City v. Home Fire & Marine Ins. Co. (114 F. 2d 288, 298) is pertinent. The court said: ‘ ‘ The reason for the rule that insurance on a ‘ building ’ must be held to cover all the constituent parts thereof is aptly expressed in Prussian Nat. Ins. Co. v. Terrell, supra [142 Ky. 732,135 S. W. 419], as follows: ‘ It must be borne in mind that a description in a policy of the building insured is never accompanied, or intended to be accompanied, by the particularity of an architect’s plans and specifications. The purpose of the description is simply to identify in a general way the building insured. Because the description fails specifically to include any particular portion of the building is no reason why that portion should be excluded from the operation of the policy. Any other rule would lead to endless confusion and all sorts of frivolous pleas and contentions. ’ The courts would be called upon to say whether or not a bay window, a back porch, or a bathroom was included in the policy which simply described in a general way the building of which they were a part at the time the insurance was obtained. The result would be that, unless a man took the care to describe with particularity each and every portion of the building insured, he would never know what his rights were under his policy; while an insurance company would always have some plausible pretext upon which to resist payment of the policy’.”
Judgment may be entered in favor of claimant for $250 plus disbursements.