PATTERSON, Justice:
This is an appeal by St. Paul Fire & Marine Insurance Company from a judgment of the Circuit Court of Lauderdale County wherein it was found liable to J. C. Wilbourn in the sum of $1900 by the terms of a standard fire and extended coverage policy.
In December 1963 J. C. Wilbourn entered into a contract to purchase the Melton Building in the city of Meridian and acquired title thereto on March 11, 1964. On March 5, 1964, he procured an option to buy the Frank Tank Building which was situated immediately adjacent to the Melton Building. The Frank Tank Building was gutted by fire shortly after the option to purchase was acquired. Nevertheless, Wilbourn subsequently purchased the remains of the Frank Tank Building and the lot upon which it was situated.
*381 The debris from the fire was cleared from the Frank Tank lot leaving only a 20 to 24-foot wall standing intact adjacent to the Melton Building. This wall was capped, an operation consisting of using cement to bond the structures, to the Melton Building to prevent rain from entering between the two walls which were separated by only one-quarter of an inch or less. The capping was accomplished as a protection to the Melton Building and as a structural wall which could be used in the event a new structure was built upon the property.
In May 1965 Wilbourn entered into a contract with McRae & Company to lease the Melton Building and the adjacent Frank Tank property which had been converted into a parking lot.
Subsequent to the leasing agreement, Wilbourn renewed a standard fire and extended coverage policy on the Melton Building with the insurance company. The policy extended coverage from March 10, 1967, until March 10, 1970, upon the following described property:
On the three story brick, fire resistive (BSM) approved roof building, occupied as Gas & Elec. Appl. Sales & Stge., situated Nos. 2201-2205 on the South Side of 2nd Street, in Meridian, Miss.
On May 13, 1968, the wall left standing and capped to the Melton Building was weakened by extreme winds and a portion fell. The appellee thereupon sought to recover under the policy of the appellant the damages resulting from the collapse of the wall. The appellant denied liability upon its reasoning that the wall was not a part of the Melton Building. The circuit judge, sitting without a jury, found:
that the 20 to 24 foot wall which was formerly the east wall of the Frank Tank Building was made a part of the Melton Hardware Building, and was in fact covered by the contract of insurance here in question, which was issued by St. Paul Fire & Marine Insurance Company on March 10, 1967; that the upper course of brick was connected to the former west wall of the Melton Hardware Building by cement mortar, and that the overall appearance of the structure, included the brick wall which collapsed as the result of a wind storm or tornado here in question. In other words, this Court holds that the wall was included in the insurance policy and that the plaintiff, J. C. Wilbourn, should have a judgment against the St. Paul Fire & Marine Insurance Company to the extent of $1,900.00.
Being aggrieved, St. Paul Fire & Marine Insurance Company has perfected this appeal.
The issue before the Court is whether the wall of the old Frank Tank Building is a part of the Melton Building as the result of the capping operation.
The cases cited in the briefs of counsel and our own research indicate that a “building” consists of the portions of a structure which are physically connected. The Missouri Court in Still v. Connecticut Fire Insurance Company, 185 Mo.App. 550, 554-555, 172 S.W. 625, 627 (1915), addressed itself to the question of what connotes a building, stating:
Whether or not a structure added to a building is to be considered a part of the whole building depends upon a number of things. It would seem that if the addition was erected in such close proximity to the other structure as to be physically joined thereto, and is so arranged that the addition can only be used in connection with the main structure, and that the two are devoted to one general common purpose and are occupied and used by one owner, then they could be treated as one structure or building. .
The Court of Appeals of Kentucky in Prussian National Insurance Company, etc. *382 v. Terrell, 142 Ky. 732, 737, 135 S.W. 416, 419 (1911), in holding that a building covered by insurance does not have to be described with the particularity of an architect’s plans or specifications, reasoned:
. It must be borne in mind that a description in a policy of the building insured is never accompanied, or intended to be accompanied, by the particularity of an architect’s plans and specifications. The purpose of the description is simply to identify in a general way the building insured. Because the description fails specifically to include any particular portion of the building is no reason why that portion should be excluded from the operation of the policy. .
In the absence of authority from our own jurisdiction the foregoing cases are persuasive upon us that the absence of specific mention of the capped wall in the insurance policy of the appellant does not exclude this portion from the operation of the policy. Once the wall became physically and structurally bonded to the Melton Building, it became in fact and in law a part of that “building” and as such was included within the coverage of the policy.
The case of Freed Realty Company v. National Fire Insurance Company, 161 La. 102, 108 So. 228 (1926), is readily distinguishable by its facts from the case at hand and is not, in our opinion, persuasive authority for the appellant. We conclude that a specific rule cannot be established by which a determination can be made of what a building consists, but the facts and circumstances of each case must be considered in determining whether a structure or structures constitute one building, and in this instance the circuit judge correctly decided this issue and his judgment will be affirmed.
Affirmed.
GILLESPIE, C. J., and SMITH, ROBERTSON and SUGG, JJ., concur.