## Wilson v. Carrollton Tobacco Warehouse Company.

(Decided December 10, 1918.)

### Appeal from Carroll Circuit Court.

1. Equity—Transfer of Action to Equity.—In an action to recover a sum of money alleged by appellee to have been paid to appellant by mistake in the settlement of accounts covering deliveries of tobacco, begun in equity, the court did not err in ordering the transfer of the action from the ordinary back to the equity docket, and in denying a trial by jury because the appellant's counterclaim involved accounts so complicated and of such great detail as to render it impracticable for a jury to intelligently try the case.

2. Equity.—When Trial by Jury Guaranty Does Not Apply.—Where the action involves an accounting cognizable in equity, the guaranty of the Constitution to a trial by a jury does not apply, and section 10, subsection 4 of the Civil Code is constitutional.

J. A. DONALDSON & SONS for appellant.

WINSLOW & HOWE, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The only thing complained of herein is the transfer of the action from the ordinary to the equity docket and the consequent denial of a trial of the issue by a jury.

The action was begun in equity by appellee to recover of appellant $171.66 alleged to have been paid to him, by mistake, in a settlement of their accounts covering deliveries of tobacco by appellant to appellee for sale between December 1, 1914, and April 30, 1915. Appellant answered, admitting the payment to him of $171.66, by mistake, but denying that there had been any settlement of their accounts, and alleging, by way of counterclaim, that during the period between December 7, 1914, to March 30, 1915, he had delivered to appellee large quantities of tobacco for sale on commission, and that plaintiff had failed and refused to account to him for 5,000 pounds of this tobacco, of the value of $562.50, whereby he had been damaged in the sum of $562.50; and upon his motion the cause was transferred to the ordinary docket over appellee's objections and exceptions. Appellant then filed an amended answer and counterclaim, alleging that the appellee had failed and refused to account to him for 23,000 instead of 5,000 pounds of tobacco delivered by him to it for sale on commission, worth $2,300.00, whereby he had been damaged in the sum of $2,300.00. The appellee then filed a motion to require the appellant to make his counterclaim more specific and certain by giving dates and amounts of each delivery of tobacco within the stated period, and a statement of which deliveries had been accounted for. This motion having been sustained, appellant filed a second amended answer and counterclaim, increasing the amount of tobacco unaccounted for to 30,765 pounds, and filed an exhibit showing deliveries, during the period, aggregating 193,465 pounds, and that 162,720 pounds of same had been accounted for; showing 91 different items of debit and credit, and making it perfectly apparent that the controversy involved only a settlement of complicated accounts covering 63 separate deliveries of tobacco, over a period of four months, and 28 payments on account, demanding such a trial as only a court of equity could afford, and involving accounts so complicated and of such great detail of facts as rendered it impracticable for a jury to intelligently try the case; in which circumstances section 10, subsection 4 of the Civil Code, authorizes the court, in its discretion, on motion of either party or without motion, to order the transfer of an action from the ordinary docket to the equity docket, or from a court of purely common law to a court

of purely equity jurisdiction. Hence the court did not err in ordering this action to be transferred from the ordinary back to the equity docket, upon motion of appellee, if the code provision is constitutional.

But appellant says that his action was to recover damages for the negligence of the appellee in failing to account for the tobacco deposited with it as bailee; that it was therefore purely a common law action, and that by the transfer to equity he has been denied his right to a trial by a jury, guaranteed by the Constitution. It is apparent, however, that the action was for an accounting cognizable in equity, and as the guaranty of the Constitution to a trial by a jury does not apply to such cases, the provision of the code is not unconstitutional. O'Connor, et al. v. Henderson Bridge Co., 95 Ky., 633.

Wherefore, the judgment is affirmed.