## Coy v. King

(Decided May 4, 1923.)

### Appeal from Madison Circuit Court.

1. Trial—Motion to Transfer to Equity can be Made After One Jury Trial.—Under Civil Code of Practice, section 10, subsection 4, authorizing the court, in its discretion, on motion of either party or without motion, to transfer an action to the equity docket because the case involves so complicated or such great detail of facts as to render it impracticable for a jury intelligently to try the case, the motion to transfer by defendant need not be made at the time of filing his answer, but should be granted if the circumstances warrant it, though the motion was first made after one jury trial.

2. Trial—Issues Between Landlord and Tenant Held so Complicated as to Require Transfer to Equity.—Where a tenant in an action against his landlord sought to recover for eleven different items, and defendant traversed part of the material averments of the petition and sought recovery on his own behalf for numerous items, the issues were so complicated and involved such great detail that it would have been practically impossible for a jury to have understood and decided the issues within a reasonable time, so that it was error to overrule defendant's motion to transfer the cause to the equity docket.

E. SHELBY WIGGINS and J. SMITH HAYS, SR., for appellant.

CHENAULT & CHENAULT for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Reversing.

This action by Charles King, a farm tenant, against Nay Coy, the owner of a farm, involves numerous questions of fact arising out of a complete settlement of their affairs. Coy leased his farm to King for the year 1920, and provided in the contract for the growing and handling of different crops. There were two trials of the case in the Madison circuit court. In the first one the jury returned a verdict for King, the tenant, in the sum of $1,080.00, while at the second trial the plaintiff King recovered a judgment for only $66.90. The landlord Coy prosecutes this appeal. His sole insistence is, that his motion, made before the commencement of the second trial and renewed during the trial, to transfer the case to the equity side of the docket should have been sustained because of the great multiplicity of controversies arising out of the several contracts and transactions made and had between the parties. That the issues were so numerous, complicated and tangled as to be practically impossible of solution by a jury in the limited time allowed. He says a jury cannot sufficiently grasp and understand the different issues and disputes involved to render an intelligent and true verdict. There is no brief for appellee.

Appellee King, the tenant, sought to recover for 160 barrels of corn, $750.00; for 150 shocks of hay, $300.00; for one-half of the tobacco crop, $500.00; for one wagon, $25.00; for one Randel harrow, $32.50; one set of gears, $12.50; one cultivator, $42.50; one section harrow, $15.00; for work and labor, $75.00; damages on account of the alleged breach of contract to paint, and cover a dwelling house for the occupancy of plaintiff, $150.00; in all $1,657.50. Answering this appellant Coy traversed part of the material averments of the petition, and further pleaded a rent contract by which he leased his farm to King to be cultivated in corn, and a second contract concerning corn to be grown on the place by Edgar King, and still another contract by which the corn so grown on the farm should be fed to hogs which were bought by Coy at the price of $1,916.07; that the hogs should be turned into the corn field and fattened and shipped to the market and sold, the proceeds of the sale to be applied first to the repayment of the cost of the hogs without interest, and the balance to be divided: one-half to Coy; one-

fourth to appellee Charles King, and one-fourth to Edgar King; that appellee had taken a load of corn worth $31.50; that appellee had agreed to cut, bale and deliver to Coy one-half the hay crop; that appellant baled only a small portion of the hay and breached his contract and allowed part of the hay to remain in the field and rot, and had sold one-half of the rotten hay to Coy for $10.00; that Coy and appellee had entered into a contract to raise a crop of tobacco under certain conditions, and that appellee had breached the contract by failing to strip the tobacco and by baling some of it in bulk and allowing it to rot, to appellant's damage. In addition to these several issues, complicated though they are, there were other questions involved.

By section 10 of our Civil Code it is provided that an ordinary action may be transferred to the equity docket, if the defendant by motion made when or before he answers, ask that it be done. Subsection 4 of the same section of the Civil Code, reads:

"The court may, in its discretion, on motion of either party, or without motion, order the transfer of an action from the ordinary to the equity docket, or from a court of purely common law to a court of purely equity jurisdiction, whenever the court, before which the action is pending, shall be of the opinion that such transfer is necessary because of the peculiar questions involved, or because the case involves accounts so complicated, or such great detail of facts, as to render it impracticable for a jury to intelligently try the case."

This section, we have held in the case of Veneer & Lumber Company v. Garrison, 160 Ky. 329, was intended to embrace and regulate cases similar to the one we have under consideration, where there are a multiplicity of issues, and authorizes the court, on motion of either party, or without motion, to transfer an action from the ordinary to the equity docket, whenever the court shall be of opinion that such transfer is necessary because of the peculiar questions involved or because the case involves accounts so complicated, or of such great detail of fact as to render it impracticable for the jury to intelligently try the case. Appellant Coy did not enter his motion to transfer the case to the equity docket at the time of the filing of his answer. Indeed, this motion was not made until after the case had been once tried and a verdict returned against appellant. However, we are of opinion that the court not only had the power to transfer

the case to the equity side of the docket upon motion, but even without motion at any time when it appeared that the involved accounts and the complication resulting therefrom, it would be practically impossible for the jury to intelligently try the case.

From a careful examination of the record in this case, we are thoroughly convinced that it involves so many complications and such great detail of fact as to have rendered it practically if not utterly impossible for a jury to have understood and decided the different issues presented within a reasonable time. Indeed, the accounts are so mixed and involved and the questions so numerous and varied that we apprehend that it would be difficult for an experienced master in chancery to deciper it all and to reach a just and equitable conclusion upon all the issues presented.

In discussing this particular subject in the opinion in the case of Veneer & Lumber Co. v. Garrison, *supra,* we said:

"But if the case was peculiarly one of equitable cognizance, and justice could not reasonably be had in a jury trial, the case should have been transferred at any time, before trial, even without a motion to that end. Subsection 4, *supra* (of section 10 of the Civil Code) expressly so provides; it was drawn to cover cases of the character now before us, where the remedy at law is so impracticable that it cannot, from the very nature of the case, afford full justice." Garvey v. Garvey, 156 Ky. 667.

We are clearly of opinion that the trial court should have sustained the motion of appellant to transfer the cause from the ordinary docket to the equity docket and to have referred the matter to the master for the taking of proof and the adjustment of the various claims. On a trial of the case, all the parties may agree that the evidence heard upon the former trial may be used in the hearing of the case before the chancellor. Clark v. Cooper, 197 Ky. 530; Bell v. Duncan, 196 Ky. 574.

For the reasons indicated the judgment is reversed for proceedings consistent herewith.

Judgment reversed.