### PURDY v. HUDSON.

Court of Appeals of Kentucky.

March 26, 1954.

Arthur T. Iler, Central City, for appellant.

Russell O'Neill, Central City, for appellee.

STANLEY, Commissioner.

The appellant, M. E. Purdy, as landlord, and Ray A. Hudson, as tenant, entered into a sharecropping contract for the year 1951. It is upon a form styled, "Institutional On-Farm Training Program for Veterans." The parts filled in with ink, which state the specific commitments of the parties, are cryptic and indefinite.

Difficulties between the parties arose and accumulated as time ran along. Each found fault with what the other was doing or failing to do. In October, 1951, the landlord filed a petition in equity against the tenant, in which he charged breaches of the contract in many particulars. He prayed damages in the sum of $2,787.30, for a lien on the defendant's share of the unsold products, and for other relief. The defendant traversed the allegations of the petition and entered a counterclaim in which he charged the landlord with having breached the contract in several particulars and with having appropriated certain harvested crops to his own use. He prayed judgment for $2,983.32 against the plaintiff.

Without a motion or an order transferring the case to the ordinary docket, a trial at law was had and a verdict for the tenant for $2,000 was returned. The landlord appeals from the judgment entered thereon.

The court instructed the jury (1) to find for the plaintiff if they believed the defendant had "failed to comply with his part of the contract" and "breached the same" in the many particulars the plaintiff had pleaded, which were specified, and that he was damaged in the several amounts claimed; and (2) to find for the defendant if the jury believed the plaintiff had "violated and breached his part of the contract" in the several particulars claimed.

Appellant contends, among other things, that the tenant had failed to prove his counterclaim as a matter of law as well as a matter of fact. The argument as to the denial of a right to recover under the law rests principally upon what the appellant contends the proof of the facts developed. Of course, the appellee controverts the basis and in a measure the argument as to the applicable law.

The principal criticisms of the instructions are that nowhere did the court attempt to define the rights of the parties in the event the jury should believe from the evidence that the tenant first breached the contract as a whole or in the particular parts charged; nor to state the reciprocal rights and liabilities relating either to the terms of the contract or a violation thereof.

The case involves questions of law with respect to the construction of some of the indefinite portions of the contract and both questions of law and fact in respect to the many items as to who first breached the reciprocal obligations. The proof as to damages, if any, is likewise complicated. We believe it to be impractical, if not impossible, to formulate instructions that would be intelligible and not confusing to a jury. Charges and countercharges are so interwoven that the right of the matter can be adjudged only by critical study and computation. We think the case should have

 

been retained on the equity docket because of the complicated nature of the action. Section 10(4), Civil Code of Practice; Coy v. King, 199 Ky. 65, 250 S.W. 503. If the court should desire the aid of a jury, perhaps it may be better obtained by submitting specific interrogatories. CR. 39.03, 49.01.

The judgment is reversed for consistent proceedings.