## Republic Coal Company, et al. v. Ward, et al.

(Decided May 3, 1921).

### Appeal from Harlan Circiut Court.

Appeal and Error—Jury—Right to Jury Trial—When Denial of Right to Jury Trial Prejudicial Error.—Where an action involving the question of damages, dependent on three or four issues of fact, was brought at common law, and the answer presented no equitable defense, and all the issues raised by the pleadings were purely legal and therefore such as plaintiffs had the constitutional right to have tried by a jury, it was prejudicial error to transfer the case to equity over the objection of plaintiffs.

JAMES H. JEFFRIES and W. F. HALL for appellants.

J. S. FORRESTER, G. A. EVERSOLE, JOHN CARTER and H. C. CLAY for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing on cross-appeal.

Alleging that they were the owners and in the actual possession of a certain tract of land in Harlan county, and that the defendants, Republic Coal Company, W. F. Hall and others, entered thereon and wrongfully and willfully removed and converted to their own use about 50,-000 tons of coal of the value of $4.00 per ton, plaintiffs, T. S. Ward and others, brought this suit to recover damages in the sum of $200,000.00. The defendants denied that they wrongfully or willfully mined and removed the

coal, but admitted that, by mistake and in good faith, the Republic Coal Company, as lessee of W. F. Hall, mined and removed from the land about 24,208 tons of coal of the royalty value of $2,420.80. Defendants further alleged that the coal seam was not of uniform thickness, but varied greatly in different portions of the land; that a portion of the coal was necessarily wasted in mining and a large percentage thereof was required to be left in the mine as pillars for the support of the roof of the mine; that because of the uncertainty in the quantity of coal wasted and in the quantity of coal left in the mine for its support, and the irregular thickness of the coal seam, the evidence on these questions would necessarily be so intricate and complicated, and involve such great detail of facts, as to render it impossible for a jury intelligently to try the case. For these reasons the defendants asked that the cause be transferred to equity and referred to a commissioner to hear proof and report on the questions. The motion to transfer was sustained over the objection of plaintiffs. Afterwards, plaintiffs' motion to transfer the cause to the common law docket was overruled. After the commissioner had heard evidence and filed his report, the court entered judgment for plaintiffs in the sum of $2,420.80 with interest from July 9, 1918, being the amount of royalty on 24,208 tons of coal mined from the 6 87/100 acre tract described in the petition, and for the sum of $736.10, being the royalty on 7,361 tons of coal, which the court found that the Republic Coal Company could and should have mined by ordinary mining methods, and for the further sum of $10,-193.62, the market price of 6,273 tons, which the court found had been mined and removed in bad faith by the Republic Coal Company. Plaintiffs appeal and defendants prosecute a cross-appeal.

The cross-appeal challenges the propriety of the court's action in transferring the case to equity. The action was brought at common law and involved a question of damages dependent on three or four issues of fact. As the answer presented no equitable defense, and all the issues raised by the pleadings were purely legal, and therefore such as plaintiffs had the constitutional right to have tried by a jury, it necessarily follows that the court erred in transferring the case to equity over the objection of plaintiffs. Creager v. Walker, 7 Bush 1; John King Co. v. L. & N. R. Co., 131 Ky. 46, 114 S. W. 308, 116 S. W.

1201.  The case of Bennett Jellico Coal Co. v. East Jellico Coal Co., 152 Ky. 838, 154 S. W. 922, does not announce a contrary doctrine, for in that case the answer asked that the description in a deed be reformed on the ground of mistake, thus presenting an equitable defense.

As the circuit court erred in deciding the case without the intervention of a jury, and the judgment must be reversed on the cross-appeal for a trial by jury of the issues involved, we refrain from passing on the questions raised by the original appeal.

Wherefore the judgment is reversed on the cross-appeal and the cause remanded for proceedings not inconsistent with this opinion.