## Reusch et al. v. Hemmer et al.

(Decided December 16, 1930.)

EDWARD J. TRACY for appellants.

STANLEY CHRISMAN for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing in part and affirming in part.

In June, 1928, the appellee John H. Hemmer entered into a contract with appellant Catherine Reusch, whereby he undertook to erect a house for appellants on a certain lot in the town of Park Hills, Kenton county, Ky. The contract was in writing and is of great length, containing all of the details relating to the work embodying the specifications and providing for the amount of compensation to be paid appellee Hemmer. The work progressed until the 12th day of December, 1928, at which time appellants moved into the house. At the time Hemmer had not been paid anything unless the execution of a note for $2,000 on the contract price should be treated as a payment. The note had not been paid.

Hemmer instituted an action against the appellants to recover the contract price, and the chancellor awarded a judgment in his favor amounting to the sum of $7,700.16 subject to a credit of $148.90 and decreed the enforcement of the mechanic's lien and the sale of the property. The appellees Thomas M. Murray and Curtis Morris had claims against the property for small sums, and judgment was awarded in their favor. The appellants have brought the record to this court on appeal, insisting that the chancellor erred in the trial of the case. They enumerate the errors relied on in their brief as follows: First, the judgment is a personal judgment against George Reusch, and that there is no proof to sustain it. Second, the chancellor erred in overruling the motion of appellants for a jury trial. Third, the court erred in rendering judgment on the contract when the work provided for by the contract had not been completed. Fourth, the chancellor erred in not rendering judgment on the counterclaim.

The first error complained of is not of much importance. George Reusch negotiated the contract with Hemmer. Throughout his testimony he refers to the transaction as a joint one on the part of him and his wife, but it is a fact that the written contract was signed only by Mrs. Reusch. He was acting as her agent, and, since the suit was on the written contract, there should not have been a personal judgment against George Reusch.

The second ground relied on is that the chancellor erred in not transferring the cause to the common-law docket for trial. After the petition had been filed, the

case was referred to the master commissioner to take proof and report claims. This was proper, as it is required by the provisions of section 2471, Ky. Stats. On April 17, 1929, appellants filed an answer, and on May 15th they moved to transfer the cause to the common-law docket to try the issues raised by the counterclaim. That motion was overruled, and again the motion was renewed on June 7th. It is contended by counsel for appellants that, under the provisions of section 12 of the Civil Code of Practice, they were entitled to a trial before a jury. Ordinarily the contention of appellants would be upheld if the legal issues were such as are properly triable before a jury. Section 10, paragraph 4, of the Civil Code of Practice, confers upon the chancellor the authority to try a common-law case if it involves accounts so complicated or such great detail of facts as to render it impracticable for a jury to intelligently try the case. That provision of section 10 has been so construed in a number of cases. O'Connor v. Henderson Bridge Co., 95 Ky. 633, 27 S. W. 251, 983, 16 Ky. Law Rep. 244; Turner v. Johnson, 35 S. W. 923, 18 Ky. Law Rep. 202; Prussian Nat. Insurance Co. v. Terrell, 142 Ky. 732, 135 S. W. 416; Davis v. Ferguson, 92 S. W. 968, 29 Ky. Law Rep. 214; Philadelphia Veneer & Lumber Co. v. Garrison, 160 Ky. 329, 169 S. W. 714; Coy v. King, 199 Ky. 65, 250 S. W. 503; Wilson v. Carrollton Tobacco Warehouse Co., 182 Ky. 433, 206 S. W. 618; Milliken's Executrix v. Enterprise Machine & Garage Co., 206 Ky. 78, 266 S. W. 878.

A casual inspection of the items mentioned in the counterclaim is sufficient to convince this court that it would have been impracticable, if not impossible, for the jury to try the questions involved. It is not an exaggeration to say that there were more than one hundred separate items for which damages were claimed, ranging from a very small sum to a considerable sum. The court did not err, therefore, in overruling the motion to transfer the case to the common-law docket. It had been properly brought at equity. The counterclaim raised common-law issues, but they were so numerous and complicated that a jury would have been unable to try the case in an intelligent manner. The chancellor, therefore, did not err in retaining jurisdiction of the common-law issues.

It is insisted that the chancellor erred in rendering a judgment when the work contemplated by the contract

had not been completed. The appellants had moved into the house, and there was at the time a small amount of work necessary to complete the contract, but it was trivial, and it would be contrary to a fair sense of justice to hold that Hemmer should not be allowed to recover because work of such small quantity remained undone. Especially is this true when there are sound reasons to believe that the prevention of the work was caused by the moving in of appellants when Hemmer was not ready and willing for them to move in.

The last ground relied on for reversal by appellants is that Mrs. Reusch was entitled to a judgment on her counterclaim. As to that, the proof is conflicting, and the mind is left in doubt. From a consideration of the entire record we do not find more evidence supporting the contention of appellants on this point than supports the judgment of the chancellor. Consequently, treating the judgment solely as one rendered in an equity case, we cannot sustain this ground for reversal.

The judgment is reversed in so far as there was a personal judgment against George Reusch, but it is in all other respects affirmed. The appellee Hemmer will pay one-fourth of the cost of this appeal, and the remainder of the cost will be paid by the appellant, Mrs. Reusch.