E. M. HOAGLIN, Appellant,

v.

Ted CARR'S ADMINISTRATRIX (Katherine R. Carr), Appellee.

Court of Appeals of Kentucky.

Oct. 26, 1956.

Rufus Lisle, Frank L. McCarthy, Lexington, for appellant.

Troy D. Savage, Frank G. Trimble, Jr., Lexington, for appellee.

CULLEN, Commissioner.

Ted Carr recovered judgment against E. M. Hoaglin for $4,383.45, representing an allowance to Carr of a major portion of his claim for one-half of the profits of a venture in which the parties had engaged, to nourish and develop thoroughbred weanlings for sale at the yearling markets. Hoaglin has appealed, and Carr has cross-appealed.

Hoaglin's main contention is that the nature of the action was such that he was entitled as a matter of right to a jury trial, and that the court erred in overruling his motion for a jury trial, and in hearing and disposing of the case without a jury.

In his original complaint, Carr sought recovery on an alleged oral contract. Hoaglin's answer consisted of a denial of liability, together with a counterclaim for damages based upon an alleged breach of the contract by Carr. The answer included a demand for a jury trial. Carr then amended his complaint, alleging a partnership. The case was referred to the master commissioner, who found and reported that the contract was not one of partnership but of "profit sharing employment," that Carr had not breached the contract, but his services had by mutual agreement been discontinued some 18 days before the end of the contract period; and that Carr was entitled to recover on "quantum meruit" for the services he had performed up to the date of discontinuance. Since the original contract called for an equal division of the net profits, and since the commissioner found that Carr had performed the services required of him for 90 percent of the contract period, he recommended that Carr be awarded 90 percent of one-half of the profits, after allowing each party certain claimed expenses. The commissioner recommended that the counterclaim of Hoaglin be dismissed as "too highly speculative." Judgment was entered in accord with the commissioner's report and recommendations.

█ Under Clause No. 3 of CR 39.01, the court may try a case without a jury, notwithstanding a demand for jury trial, if the court finds that because of the peculiar questions involved, or because the action involves complicated accounts, or a great detail of facts, it would be impracticable for a jury intelligently to try the case. Accepting Hoaglin's argument that because the commissioner found there was no partnership, and allowed recovery on a quantum meruit basis, the action proved to be one legal rather than equitable in nature, and therefore was one in which Hoaglin was entitled to demand a jury trial (CR 38.01), nevertheless it is our opinion that as the case developed, the issues and facts became so complicated that it would have been impracticable for a jury intelligently to try the case.

Carr's claim for relief was for one-half the profits from the sale of four yearlings in October 1953. Previously, in August 1953, eight other yearlings which had been acquired by the parties at the same time as the four here in question, had been sold and a settlement and division of the profits had been made. As the issues developed upon the trial, controversies arose as to whether some of the expenses attributable to the four yearlings had been allowed in determining the division of profits from the sale of the other eight yearlings in August. Hoaglin claimed that the amount allowed to Carr in the August settlement for feed bills was more than enough to cover the feed bills for all twelve year-

lings. It was brought out that the purchase price of all twelve had been allowed to Hoaglin in the August settlement. There was a question concerning the allowance of interest paid by Hoaglin on money he had borrowed with which to purchase the weanlings. Regardless of whether the relationship between the parties was a partnership, a joint venture, a profit sharing employment, or a simple employment, detailed accounting was required, including a reexamination of the August settlement, and the facts and issues were complicated. Accordingly, it is our opinion that the court did not err in denying a jury trial.

■ Hoaglin maintains that Carr breached the contract and forfeited his rights by violating an express condition of the contract that he remain sober. We think the chancellor correctly found that there was no provision of the contract calling for a complete forfeiture by Carr in the event of drunkenness, and further, that Hoaglin waived any technical breach by continuing to accept performance by Carr up to the time 18 days before the end of the contract period. Of significance is the fact that no question of breach or forfeiture was raised at the time of the August settlement.

■ A further contention of Hoaglin is that the court erred in using the contract terms as a measure of recovery on quantum meruit, instead of taking evidence as to the reasonable value of Carr's services. As we view the case, although the commissioner used the term "quantum meruit," actually he found that Carr had performed the services required of him for 90 percent of the contract period, and his services then had been terminated by mutual consent. In reality, the commissioner found that Carr was entitled under the contract to compensation for the services he performed under the contract, at the contract price, up to the point of discontinuance. We think this was a proper finding.

Although the mathematics employed by the commissioner, in determining for what percentage of the contract period Carr performed services, appears to have involved some erroneous computations, the net result seems to be substantially correct.

Hoaglin complains that Carr was overpaid for feed in the August settlement. However, his evidence tended only to show what would have been a reasonable cost for feed, and did not show clearly that Carr had not actually expended the amount allowed to him in the settlement.

■ As concerns Hoaglin's counterclaim for damages for breach of contract, we think the chancellor correctly disallowed it, although perhaps the ground for disallowance, that the alleged damages were "too highly speculative," was not technically sound. Actually, the court found that there was no breach of contract, but rather an agreed discontinuance of Carr's services. In addition, Hoaglin did not prove that his alleged damages resulted from the claimed breach of contract. One item of damages was the loss of profits from an engagement by Hoaglin to conduct an auction sale in North Carolina, which engagement Hoaglin could not fill, he says, because he was required to take the four yearlings to the sale at Belmont. Among many reasons why this claim is not sustainable is the fact that there was no provision in the contract which required Carr to attend the sale, or which specified that the yearlings would be sold at Belmont. Carr's testimony was that they had agreed to sell the yearlings at Keeneland, and he was ready and willing to attend that sale, but Hoaglin later insisted on taking the yearlings to Belmont.

The other item of damages was for injury to Hoaglin's business reputation. This claim may more properly be classed as fanciful than speculative. There was no showing that would justify attributing the claimed damages to the alleged breach of contract.

■ On his cross-appeal, Carr suggests that he was entitled to full recovery,

on the theory that he completely performed the contract. We think the evidence fully warranted the finding that Carr did not completely perform. Carr also asserts that he should have been awarded interest from the date of the Belmont sale. As the case developed, his claim was in no sense a liquidated one, and the court had discretion to deny interest.

The judgment is affirmed, on the direct appeal and on the cross-appeal.