James **BRANDENBURG** et al., Appellants,

v.

Fred M. **BURNS** and the Farmers Bank, Appellees.

Court of Appeals of Kentucky.

Dec. 12, 1969.

As Modified on Denial of Rehearing March 20, 1970.

David L. Van Zant, Huddleston & Van Zant, Elizabethtown, for appellants.

H. L. James, Elizabethtown, for appellee, The Farmers Bank.

L. A. Faurest, Faurest, Collier, Arnett, Hensley & Coleman, Elizabethtown, for appellee Burns.

CLAY, Commissioner.

This suit was brought by appellee Burns to recover the balance due on an oral contract to build a house for appellants and to enforce a materialman's lien. They answered, denying the amount allegedly due, and counterclaimed for damages arising from faulty construction and defamation of character. Appellee, The Farmers Bank, was made a party because it held a mortgage on appellants' property. The only question on appeal as between appellants and appellee Burns is whether or not the former were erroneously denied a jury trial.

A jury trial was demanded by appellants in their answer and counterclaim and they subsequently moved to have the action assigned for such a trial. This demand was denied by the trial court and it entered judgment against appellants on the claims of both appellees.

Under section 7 of the Kentucky Constitution and CR 38.01, the ancient right to a jury trial has been preserved. Where both legal and equitable issues are involved in a lawsuit, the legal issues should be tried by a jury if proper demand is made. Clay, Ky.Prac., Rules of Civ.Proc.Ann., Rule 38.01, Comment 2; Johnson v. Hol-

brook, Ky., 302 S.W.2d 608 (1957). The assertion of liens in this case presented a matter of equitable cognizance, but the principal issues raised by the original complaint and appellants' answer and counterclaim were legal in nature. Appellee Burns sought to recover the balance due on a contract, and appellants sought damages for breach of contract and other damages. The fact that incidental relief by way of the enforcement of a lien was involved did not convert the whole action into an equitable one. Hill v. Phillips' Adm'r, 87 Ky. 169, 7 S.W. 917 (1888); Carder v. Weisenburg, 95 Ky. 135, 23 S.W. 964 (1893); Castleman v. Continental Car Co., 201 Ky. 770, 258 S.W. 658 (1924). See also 47 Am.Jur.2d, Jury, section 36, 89 A.L.R. 1393, 117 A.L.R. 13, and 156 A.L.R. 1151. While the above cases were decided when Civil Code § 12 was in effect, the underlying principle was carried into our Civil Rules. CR 38.01, 38.02 and 38.03.

■ Appellee Burns contends that this action involved complicated accounts and a great detail of facts which under CR 39.01 the court may try because it is impractical for a jury intelligently to do so. This contention is based on the fact that the proof developed many items in controversy. As a general rule it is not the proof but the pleadings which are determinative of whether legal or equitable issues are involved. Shatz v. American Surety Company of New York, Ky., 295 S.W.2d 809 (1956). In exceptional cases pre-trial proceedings, or the actual trial of a case, may develop issues which should be resolved by the judge rather than the jury. See Hoaglin v. Carr's Administratrix, Ky., 294 S.W.2d 935 (1956). That is not the situation here.

■ Appellee Burns relies on Reusch v. Hemmer, 236 Ky. 546, 33 S.W.2d 618 (1930). Therein it was held that "the items mentioned in the counterclaim" indicated that it would have been impractical, if not impossible, for the jury to try the questions involved. In the present case the pleadings do not indicate such complications, nor does the proof. The fact that a number of items are involved does not convert a legal issue into an equitable one. Shatz v. American Surety Company of New York, Ky., 295 S.W.2d 809 (1956). Appellants were entitled to a jury trial on the issue of the amount of their indebtedness to appellee Burns and on the issues raised by their counterclaim, and the trial court erred in denying this right.

 We find no merit in appellants' appeal from the judgment awarding appellee, The Farmers Bank, the balance due on the mortgage note executed to it. Appellants admitted the principal amount due on the note as of May 8, 1967, but appear only to question the allowance of 6 percent interest on that balance after such date. Since the note on its face shows that it was overdue, the allowance of interest at the legal rate was proper.

The judgment determining the rights as between appellants and appellee Burns is reversed, and the judgment as between appellants and appellee, The Farmers Bank, is affirmed.

All concur.