STEELVEST, INC., d/b/a Steel Suppliers, Inc., Appellant

v.

SCANSTEEL SERVICE CENTER, INC.; H & M Investors, and Indiana Partnership Composed of J. William Manning, Sr., Roger Lynn Huncilman, Thomas P. Scanlan, Sr., Individually and as a Partner; Manning Equipment, Inc.; Dealers Truck Equipment, Inc.; J. William Manning, Sr.; R. Lynn Huncilman; Bert R. Huncilman & Son, Inc., Appellees.

SCANSTEEL SERVICE CENTER, INC.; Thomas P. Scanlan, Sr., Cross–Appellants,

v.

STEELVEST, INC., Cross–Appellee.

Nos. 94–SC–8–TG, 94–SC–192–TX.

Supreme Court of Kentucky.

Aug. 24, 1995.

Rehearing Denied Nov. 22, 1995.

Alan N. Linker, Robert V. Waterman, Louisville, for appellants/cross-appellees.

Robert L. Ackerson, W. David Kiser, Louisville, Frank P. Doheny, Jr., Michael M. Hirn, Louisville, Susan Bridges Booker, Louisville, Eugene L. Mosely, Eugene Jeffrey Mosley, Louisville, for appellees/cross-appellants.

M. Austin Mehr, Lexington, amicus curiae, Kentucky Academy of Trial Attorneys and Association of Trial Lawyers of America.

REYNOLDS, Justice.

The denial of a trial by jury fosters this appeal.

The background of the action appears in the opinion of *Steelvest, Inc. v. Scansteel Service Center, Inc.*, Ky., 807 S.W.2d 476 (1991). On remand, the trial court, despite timely demand, denied appellant a trial by jury.

The complaint and amended complaint both alleged a breach of fiduciary duties occasioned by appellee Scanlan. The allegations of the pleadings constituted tortious acts and sought damages, not equitable remedies.

At issue is whether the right to trial by jury, under the Kentucky Constitution, is contravened by Civil Rule 39.01(c), which permits a trial court to deny this right in an action at law for damages upon a determination that the case, because of the peculiar questions involved or because the action involves complicated accounts, or a great detail of facts, is impractical for a jury to intelligently try.

Following this Court's remand order to the trial court, appellees requested that the case be tried without a jury due to its complexity. The trial court, responding, stated that "everybody is going to have to agree to that because everybody is entitled to a jury trial" and the case was so docketed. After the passage of more than a year and on the morning of the scheduled trial, the court sustained appellees' most recent motion to conduct a bench trial pursuant to CR 39.01(c), after determining it impractical for a jury to intelligently try the case due to the great detail of facts and peculiar questions involved.

■ The Kentucky Constitution, in actions at law, gives the litigant an unqualified right to trial by jury. Section 7 of the Kentucky Bill of Rights provides: "The ancient mode of trial by jury shall be held sacred, and the right thereof remain inviolate, subject to such modifications as may be authorized by this Constitution." To emphasize the Bill of Rights, Section 26 of the Kentucky Constitution provides that "[t]o guard against transgression of the high powers which we have delegated, We Declare that everything in this Bill of Rights is excepted out of the general powers of government, and shall forever remain inviolate; and all laws contrary thereto, or contrary to this Constitution, shall be void." The broad right of preservation is again referenced in CR 38.01; i.e., "the right of trial jury as declared by the constitution of Kentucky or as given by the statute of Kentucky shall be preserved to the parties inviolate."

A deviation/problem arises with Civil Rule 39.01(c) as to whether it is violative of the right to a jury trial as guaranteed under the state constitution.

■ While the Seventh Amendment to the United States Constitution, along with Section 7 of the Kentucky Constitution, preserves the right to trial by jury as it existed in common law, Rule 39.01(c) is not, at this time, subject to federal constitutional review insofar as the Seventh Amendment right to a jury trial in civil cases has not yet been made applicable to the states through the Fourteenth Amendment. Both constitutions are

deemed to guarantee the right of trial by jury as existed in 1791.

State constitutions may offer greater protections for their citizens than the federal constitution and the Kentucky courts are not bound by decisions of the United States Supreme Court when deciding whether a state statute, in this instance a procedural code provision, impermissibly infringes upon individual rights guaranteed by the state constitution, as long as the state constitutional protection does not fall below the federal floor. Because of the profoundly different approaches between the Seventh Amendment to the Constitution of the United States and the provisions of the Kentucky Constitution preserving the right to trial by jury, the federal decisions on this subject are of little utility in Kentucky practice. *See Kentucky Practice, Rules of Civil Procedure, Annotated,* Bertelsman & Philipps, Ky.Prac., 4th Ed., Vol. 7, Civil Rule 38.01. Appellees' resort to federal authorities to support their arguments to the contrary must fail.

The limitations upon trial by jury are pronounced in Civil Rule 39.01:

When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury, unless (a) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury, or (b) the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the constitution or statutes of Kentucky, or (c) the court upon motion or of its own initiative finds that because of the peculiar questions involved, or because the action involves complicated accounts, or a great detail of facts, it is impracticable for a jury intelligently to try the case.

The constitutionality of Rule 39.01(c) is determinable from whether it was customary at common law in 1791 for a court, acting in its discretion, to deny a jury trial because the action involved peculiar questions, great detail of facts, or complicated accounts.

CR 39.01(c) is a remnant which was condensed from Section 10(4) of the now obsolete Civil Rules of Practice. The General Assembly by act of April 29, 1890, amended Section 10 of the Civil Code by the addition of subsection 4 which provided:

The court may, in its discretion, on motion of either party, or without motion, order the transfer of an action from the ordinary to the equity docket, or from a court of purely common law to a court of purely equity jurisdiction, whenever the court, before which the action is pending, shall be of the opinion that such transfer is necessary because of the peculiar questions involved, or because the case involves accounts so complicated, or such great detail of facts, as to render it impracticable for a jury to intelligently try the case.

The older code section and the current rule mirror one another. Despite the strong constitutional language guaranteeing a trial by jury, some court decisions indiscriminately accepted the use of Civil Rule 39.01(c) and old Code Section 10(4). Several court opinions recited complicated issues as a basis for denial of a jury trial under the subsection of the rule. While neither rule makes reference to "complicated issues," CR 39.01(c) was applied in *McGuire v. Hammond,* Ky., 405 S.W.2d 191 (1966), wherein a jury trial was denied because of the long period of time anticipated necessary to hear the case and the many and complicated issues of fact involved. The reasoning was adopted erroneously on appeal.

*Reusch v. Hemmer,* 236 Ky. 546, 33 S.W.2d 618 (1930), admitted that a counterclaim for damages raised common law issues, but upheld a transfer of the entire action to equity because the issues "were so numerous and complicated" in view of the numerous items for which damages were claimed. Another example of where the court spoke of complicated issues as a basis for denial of a jury trial arose in *Coy v. King,* 199 Ky. 65, 250 S.W. 503 (1923). The denial of a jury trial occurred in *City of Shively v. Hyde,* Ky., 438 S.W.2d 512 (1969), and was upheld by brief reference to a detail of facts and complicated issues.

The constitutional term "inviolate" means that the right to trial by jury is unassailable. Henceforth, legislation and civil rules of practice shall be construed strictly and observed vigilantly in favor of the right and is not to be abrogated arbitrarily by the courts. The constitutional right to a jury trial cannot be annulled, obstructed, impaired, or restricted by legislative or judicial action. *Seymour v. Swart*, Okla., 695 P.2d 509, 511–512 (1985).

The jury trial provision of our state constitution has been held in similar light in *Commonwealth v. Jones*, 73 Ky. (10 Bush) 725, 756 (1874), wherein Judge Lindsay emphasized:

That the rule of construction, whether applied to the constitution or to a statute, which will preserve unimpaired the ancient mode of trial by jury, is the rule which should always govern in interpreting laws involving the forfeiture of a civil or political right, seems to us to be apparent upon the mere statement of the proposition.

Further enunciated therein was that everything in the Bill of Rights "is declared to be excepted out of the general powers of government and to remain forever inviolate." *Id.* at 746–747.

*O'Connor v. Henderson Bridge Co.*, 95 Ky. 633, 27 S.W. 251 (1894), set a standard applicable to Section 10(4):

If the court was, at date of that statute, without authority to transfer an action from the ordinary to equity docket under circumstances and for causes therein recited, it is still powerless in that respect, for the right of trial by jury can not be impaired or modified by legislative enactment. Therefore, whether this action was properly transferred depends not upon that statute, but proper interpretation and application of the language of the clause of the Constitution quoted.

That clause never was intended to be so strictly construed or rigidly adhered to as to prevent, in any case, due and proper administration of justice.

The court's analysis does not reference or include factors of either great detail of fact or peculiar questions. The standard of *O'Connor, supra,* is a narrow one limiting the application of the principle embodied in both the predecessor and CR 39.01(c) to complicated cases of account. The zeal to enunciate broad applications of denying a trial by jury is apparent when a court admits that an action, issue, or claim is legal rather than equitable, but then goes on to apply CR 39.01(c) by denying a jury trial. *See Hoaglin v. Carr's Adm'x*, Ky., 294 S.W.2d 935 (1956).

This Court, in the case of *Johnson v. Holbrook*, Ky., 302 S.W.2d 608 (1957), stated clearly that in a reformation of a written instrument case, an equitable action, that the question was to be determined by the court without a jury. The separation remains between jury actions and nonjury causes, and what was, before the adoption of CR 39.01(c), an action at law is a jury action and what was a suit in equity is a nonjury action. Stated differently, causes of action historically legal are triable by jury and causes of action historically equitable are triable by the court—notwithstanding the rule. Thus, if both legal and equitable issues are joined in a single cause of action, the appropriate mode of trial must be followed as to each, and in that sequence which will promote efficient administration without curtailing the substantive rights of the respective parties.

*Carder v. Weisenburgh*, 95 Ky. 135, 23 S.W. 964 (1893), emphasized that there is a right to a jury trial in cases where a jury trial was customarily used at common law, but in cases of purely equitable cognizance, a trial by jury is not a matter of right, but is addressed to the discretion of the trial court. The right to a jury trial is secured by the state constitution and cannot be taken away or placed at the discretion of the trial judge by converting a legal right into an equitable one or by giving the trial judge an exclusive right to try legal issues because there is some equitable right that arises out of the establishment of the legal issues so as to infringe upon the right of a trial by jury.

CR 2 provides that there shall be one form of action to be known as a "civil action." The rule, while it provides for only one form of civil action, merged ordinary and equitable actions for procedural purposes only. This

merger in no wise abolished the substantive distinction between the two actions and specifically with regard to the right to a jury trial. *Brock v. Farmer,* Ky., 291 S.W.2d 531 (1956); *Johnson, supra.*

 It is the pleadings—not the proof—which are determinative of whether legal or equitable issues are involved. *Brandenburg v. Burns,* Ky., 451 S.W.2d 413 (1969); *Republic Coal Co. v. Ward,* 191 Ky. 368, 230 S.W. 295 (1921). The action now under consideration does not involve an equitable accounting and is one at law for damages wherein the pleadings do not assert any equitable cause or defense. Additionally, the fact that a number of items are involved does not convert a legal issue into an equitable one. *Shatz v. American Surety Company of New York,* Ky., 295 S.W.2d 809 (1955); *Brandenburg, supra.*

A civil cause of action for damages sustained "is the classical textbook paradigm of an action at law wherein '[t]he constitution guarantees a trial by jury in cases of this character.'" *Meyers v. Chapman Printing Co., Inc.,* Ky., 840 S.W.2d 814 (1992).

An argument which authorizes complexity as a basis for constitutionally removing a case from a jury enjoys no support. Complexity was not an equitable basis for a trial without a jury at the time of the adoption of Kentucky's Constitution and to deny a jury trial is to speculate on a jury's capabilities. A jury, historically, when used, has operated as a check against the arbitrary action of a trial court. A jury's capabilities are not to be ignored and at an early date Judge Hazelrigg observed in his opinion that:

> The jury are drawn from the various walks of life, and their combined knowledge and experience afford the very best opportunity for safe and wise conclusions. Judge Dillon is quoted as saying, "twelve good and lawful men are better judges of disputed facts than twelve learned judges."

*Hudson v. Adams' Adm'r,* Ky., 49 S.W. 192 (1899).

CR 39.01(c) violates the right to a trial by jury as guaranteed in Section 7 of the Kentucky Constitution in at least two respects. It has been used to deny a jury trial where there are raised issues of law and fact and it has broadened the range of application beyond cases of account. Civil Rule 39 shall, therefore, be redrafted as to be in conformity with Section 7 of the Kentucky Constitution.

*City of Shively v. Hyde, supra; McGuire v. Hammond, supra; Hoaglin v. Carr's Adm'x, supra;* and their progeny are overruled to the extent that they conflict with this opinion.

The judgment of Jefferson Circuit Court is reversed as to Scanlan and Scansteel Service Center, Inc., and this case is remanded for a trial by jury as to these parties. The trial court dismissed the action against the remaining defendants with prejudice and based the ruling upon the "failure of proof as to the violation of a fiduciary duty or the aiding and/or abetting of any such violation." The ruling was, in effect, a directed verdict which precludes a jury's consideration as to Steelvest's claims against those defendants. The judgment is, therefore, reversed in part and affirmed in part.

LAMBERT, LEIBSON, STUMBO, and WINTERSHEIMER, JJ., concur.

STEPHENS, C.J., concurs in result only.

FUQUA, J., not sitting.