RENDERED:  NOVEMBER 6, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1150-MR

MORGAN R. PETTY                                            APPELLANT


APPEAL FROM JEFFERSON CIRCUIT COURT
v.        HONORABLE ANGELA MCCORMICK BISIG, JUDGE
ACTION NO. 17-CI-001882


KENTUCKY FARM BUREAU
MUTUAL INSURANCE COMPANY                          APPELLEE


OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE:  GOODWINE, MCNEILL, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE:  Morgan Petty, *pro se*, appeals from an order of the

Jefferson Circuit Court which found her negligent in an automobile accident after a

bench trial.  Appellant argues that she was improperly denied a jury trial and that

the trial court made evidentiary errors.  We believe that Appellant was entitled to a

jury trial; therefore, we vacate the judgment of the trial court and remand for a new trial.

## FACTS AND PROCEDURAL HISTORY

This case involves an automobile accident that occurred on or about January 28, 2016. One of the vehicles involved in the accident was operated by Austin Towles, who was insured by Kentucky Farm Bureau Mutual Insurance Company. Miki Towles, Austin's mother, was a passenger in that vehicle. The other vehicle involved was being driven by Appellant. The vehicle being operated by Appellant was owned by Appellant's father and was uninsured.

Appellee paid for the damages to the Towles' vehicle and brought this underlying suit against Appellant to recoup the money. Appellant filed her answer *pro se*[1] and discovery began. Both Appellant and Appellee sought a jury trial. On August 22, 2018, Appellee filed a motion to set a trial date and again requested a jury trial. On August 28, 2018, the trial court entered an order setting a bench trial for April 26, 2019. It is unclear from the record why the trial court ordered a bench trial. Counsel who represented Appellee at trial speculated that previous counsel for Appellee requested it. This request does not appear in the written record or in any recording.

---

[1] Appellant has acted *pro se* at all times during this case.

The bench trial order mailed to Appellant by the court was returned to the court as undeliverable. It is unclear when or if Appellant received a copy of this order; however, she did appear in court on the designated day of trial. When the parties appeared before the court on April 26, 2019, the trial judge informed them that she was currently engaged in a jury trial and would not have enough time to hold the trial that day. She also briefly discussed how it was going to be a bench trial. Appellant did not raise any objection at this time to the lack of a jury trial.

A new trial was scheduled for May 6, 2019. On that day, Appellant objected to the lack of a jury trial multiple times, but indicated she was ready to proceed if the court was going to have a bench trial. The court then conducted a bench trial where Appellant, Mr. Towles, Ms. Towles, and an agent for Appellee all testified. Appellant claimed that Mr. Towles caused the accident and Mr. and Ms. Towles claimed that Appellant caused the accident. On July 3, 2019, the trial court entered an order finding Appellant at fault and awarded Appellee over $5,000 in damages. This appeal followed.

## ANALYSIS

We must first address a motion filed by Appellee. Appellee moved to strike Appellant's brief for failing to comply with Kentucky Rules of Civil Procedure (CR) 76.12(4)(c)(iv) and (v). In a separate order entered by this Court, we held that Appellant did violate the civil rules, but we declined to strike her

brief. Instead, we will review the issues raised on appeal for manifest injustice. *See Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010). Manifest injustice is the "probability of a different result or error so fundamental as to threaten a [party's] entitlement to due process of law." *Petrie v. Brackett*, 590 S.W.3d 830, 835 (Ky. App. 2019) (citation and quotation marks omitted).

Appellant's first argument on appeal is that she was entitled to a trial by jury and the trial court erred in holding a bench trial. We agree and find this represents manifest injustice because it is an "error so fundamental as to threaten a [party's] entitlement to due process of law." *Id.* CR 38.04 states in pertinent part that "[a] demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties." CR 39.01 states:

> When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury, unless (a) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury, or (b) the court upon motion or of its own initiative finds that a right of trial by jury of some or all of the issues does not exist under the Constitution or Statutes of Kentucky.

Here, Appellant requested a jury trial. There is no document filed with the court in which she waived her right to a jury trial. Appellee argues that Appellant waived her right to a jury trial when she did not object to a bench trial when the trial court

informed her of it on April 26, 2019, the first trial date that had to be postponed. We disagree with Appellee.

The case of *Hazard Coal Corporation v. Knight*, 325 S.W.3d 290 (Ky. 2010), is directly on point. In *Hazard Coal*, Hazard Coal[2] owned the mineral rights under the Knights' two tracts of land. Hazard Coal used and maintained a coal haul road across the Knights' land. Hazard Coal used the road to haul coal mined from underneath the Knights' property, but also used it for other purposes. The Knights believed Hazard Coal did not have a right to use the road for these other purposes and brought suit alleging trespass.

Hazard Coal and the Knights requested a jury trial. At a pretrial conference, the trial court, *sua sponte*, announced it was going to hold a bench trial because the court believed the issues were too complicated for a jury. The Knights did not challenge the lack of a jury trial at this time. The Knights appeared for the bench trial and fully participated. The trial court ultimately found in favor of Hazard Coal. The Knights then moved to alter, amend, or vacate the judgment because the trial court did not hold a jury trial as they had requested. The motion was denied.

---

[2] There were multiple people and entities who owned parts of the mineral rights and surface rights to the land at issue. To simplify things, we will refer to the appellants as Hazard Coal and the appellees as the Knights.

On appeal to the Court of Appeals, the Court held that the lack of a jury trial was erroneous. The Kentucky Supreme Court affirmed and held that the Knights' failure to object to the bench trial did not constitute a waiver of their right to a jury trial.

> "The ancient mode of trial by jury shall be held sacred, and the right thereof remain inviolate, subject to such modifications as may be authorized by this Constitution." [Kentucky Constitution (Ky. Const.)] § 7. Our Constitution designates no other right as one which "shall be held sacred." This right is incorporated into CR 38.01, which states as follows: "The right of trial by jury as declared by the Constitution of Kentucky or as given by a statute of Kentucky shall be preserved to the parties inviolate." *See also Meyers v. Chapman Printing Co., Inc.*, 840 S.W.2d 814, 819 (Ky. 1992) (The Kentucky Constitution, Sec. 7, preserves "the ancient mode of trial by jury." A "civil cause of action" for "damages sustained" is the classical textbook paradigm of an action at law wherein "[t]he constitution guarantees a trial by jury in cases of this character.").

*Hazard Coal*, 325 S.W.3d at 295.

> "The constitutional term 'inviolate' means that the right to trial by jury is unassailable. Henceforth, legislation and civil rules of practice shall be construed strictly and observed vigilantly in favor of the right and is not to be abrogated arbitrarily by the courts. The constitutional right to a jury trial cannot be annulled, obstructed, impaired, or restricted by legislative or judicial action." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 908 S.W.2d 104, 108 (Ky. 1995). Moreover, as with statutes, we interpret the civil rules in accordance with their plain language. *Lanham v. Commonwealth*, 171 S.W.3d 14, 21 fn. 9 (Ky. 2005).

The mandate of CR 39.01 is unmistakable in its clarity. Its plain and forthright language affords no other construction but that once a proper demand for a jury trial has been made, the trial *shall* be by jury *unless* there is either a written stipulation filed with the court, or an oral stipulation of waiver made in open court. "In common or ordinary parlance, and in its ordinary signification, the term 'shall' is a word of command and . . . must be given a compulsory meaning." *Black's Law Dictionary* 1233 (5th ed. 1979). "Shall means shall." *Vandertoll v. Commonwealth*, 110 S.W.3d 789, 795-796 (Ky. 2003).

*Id.* at 295-96 (emphasis in original). "We have previously stated [t]here is a presumption against the waiver of constitutional rights, and for a waiver to be effective it must be clearly established that there was an intentional relinquishment or abandonment of a known right or privilege." *Id.* at 297 (footnote, citations, and quotation marks omitted).

As in *Hazard Coal*, the trial court in the case *sub judice* presided over a bench trial after a jury trial had been requested. Unlike in *Hazard Coal*, Appellant objected multiple times to the lack of a jury trial. If the Knights were entitled to a new jury trial when they did not object to the bench trial, then clearly Appellant is entitled to a jury trial when she did object. Appellant asked for a jury trial in her answer to the complaint, did not waive her jury trial rights either in writing or orally on the record, and objected when the trial court held the bench trial. The failure to hold a jury trial was manifest error as a jury trial is a fundamental right; therefore, Appellant is entitled to a jury trial.

Appellant also raises two evidentiary issues on appeal. Since we are remanding for a new trial, these issues may occur again; therefore, we will address them. As previously mentioned, the vehicle being driven by Appellant was uninsured. Sometime after the accident, Appellant pleaded guilty to failure to maintain car insurance.[3] As part of this guilty plea, she was required to pay the Towles' car insurance deductible of $500. Appellant was questioned about her guilty plea at trial by Appellee's counsel. Appellant objected and argued that the guilty plea was irrelevant, but the court overruled the objection.

> Kentucky Rules of Evidence (KRE) 411 states:
>
> Evidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully. This rule does not require the exclusion of evidence of insurance against liability when offered for another purpose, such as proof of agency, ownership, or control, or bias or prejudice of a witness.

If Appellee decides to question Appellant regarding her guilty plea again during the jury trial, Appellee should keep in mind KRE 411 and not use the line of questioning to imply or prove negligence.

Appellant also argues that text messages exchanged between her and Ms. Towles were not properly authenticated and should not have been admitted

---

[3] Kentucky Revised Statutes (KRS) 304.39-080(5).

into evidence.  We find no error.  KRE 901 deals with authentication and states in relevant part:

> (a) General provision.  The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.
>
> (b) Illustrations.  By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:
>
>> (1) Testimony of witness with knowledge.  Testimony that a matter is what it is claimed to be.
>
>> [A party's] burden under KRE 901 to authenticate a writing is "slight," requiring only a "*prima facie* showing."  A trial court may admit an item so long as it finds sufficient proof has been presented from which a jury may reasonably deem an item to be what it is proclaimed to be.  While the judge determines admissibility of the item, the jury determines its authenticity and "probative force."
>
>> Under KRE 901(b), the most common way to authenticate an item is through testimony of a witness that it is "what it is claimed to be." . . .  Exercising its considerable discretion, a trial court may admit a piece of evidence solely on the basis of testimony from a knowledgeable person that the item is what it purports to be and its condition has been substantially unchanged.

*Kays v. Commonwealth*, 505 S.W.3d 260, 270 (Ky. App. 2016) (citations omitted).

Here, Ms. Towles testified that the text messages were between her and Appellant.  This is sufficient under KRE 901 to authenticate the text messages

and allow them into evidence.  During the new trial, Appellant is free to argue that the messages are incomplete or have been altered if she believes they are not genuine.

## **CONCLUSION**

Based on the foregoing, we vacate the judgment on appeal and remand for a jury trial.  Appellant did not waive her right to a jury trial and is entitled to one.


ALL CONCUR.


BRIEF FOR APPELLANT:               BRIEF FOR APPELLEE:

Morgan R. Petty, *pro se*                 Jessica M. Stemple
Prospect, Kentucky                        Louisville, Kentucky