RENDERED:  AUGUST 2, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0653-MR

DANNY CHILDERS                                                              APPELLANT

v.                     APPEAL FROM PIKE CIRCUIT COURT
                       HONORABLE EDDY COLEMAN, JUDGE
                       ACTION NO. 22-CI-00094

MEGAN FULLER AND RODNEY
FULLER                                                                      APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ACREE AND CALDWELL, JUDGES.

CALDWELL, JUDGE:  Danny Childers appeals from a summary judgment

granted in favor of Megan Fuller and Rodney Fuller.  We affirm.

## FACTS

Danny Childers ("Danny") and his ex-wife, Billie Childers ("Billie")

(collectively "the Childers"), filed a lawsuit *pro se* against Rodney and Megan

Fuller (collectively "the Fullers") and others.  The Childers alleged that the Fullers

and others wrongfully converted the Childers' personal property and business assets at two locations – including the "C & C Carpet Building" located on Hambley Boulevard in Pikeville. The Childers asserted they did not receive notice of district court proceedings and a district court order purportedly finding they had abandoned their property left in the building on Hambley Boulevard, which they had leased for their business.

The Childers also noted in their complaint that they had recently been involved in divorce proceedings before the Pike Family Court, which had referred various marital assets to the Master Commissioner for sale. They alleged the family court entered orders stating the Childers could not access their business assets inside the Hambley Boulevard building which had been referred to the Master Commissioner for sale. They said they only received one-time access when the Master Commissioner required their cooperation to inventory assets.

The Fullers filed a *pro se* answer to the complaint. Eventually they filed motions for summary judgment on various bases. Just over a year after the lawsuit was filed, the Fullers had retained counsel and filed a Motion for Leave to Completely Occupy Premises or Alternatively Sell or Lease Property.

Danny filed a response, also by counsel, alleging that the Childers never received proper notice of district court proceedings about abandonment of property. This response also alleged that a family court order prevented the

Childers from doing anything with their property in the building pending further proceedings regarding their divorce case in the family court and Court of Appeals. The Childers also asserted they were awaiting further action by the Master Commissioner and requested that the trial court set aside the district court's order regarding abandonment.

In February 2023, the trial court issued an order granting the Fullers' motion for the leave to fully occupy, lease or sell the property. It ordered that the real property owned by the Fullers (the Hambley Boulevard building) must be cleared of all the Childers' personal property within twenty days. Billie and another party filed objections to the court's order, claiming they received no notice of the hearing.

Danny filed a motion for additional time to retrieve inventory and requested a status hearing to arrange retrieval and for a sheriff to accompany him to the retrieval. The Fullers filed a response to Danny's motion, asserting their counsel had received no response to emails proposing that two days for retrieval be set by agreed order. The Fullers requested the motion for an extension be denied and that items left in the building be deemed abandoned.

Next, the Fullers filed a renewed summary judgment motion. In this renewed summary judgment motion, the Fullers asserted they did not own the building on Hambley Boulevard. Instead, they pointed out that the building was

-3-

owned by a limited liability company called R & M Enterprises, LLC ("the LLC"). They attached a copy of the deed showing that the building was sold to the LLC with Rodney Fuller signing as a member of the LLC.

The Fullers also pointed out that the lease of the building on Hambley Boulevard referred to Danny Childers and Billie Childers "doing business as C & C Carpet & Vinyl Outlet." The Fullers asserted that "d/b/a" was a legitimate business entity entitled to recognition under Kentucky law. They asserted that the Childers lacked standing to bring the action and that the Childers' bringing the lawsuit *pro se* on C & C Carpet's behalf amounted to the unauthorized practice of law.

The summary judgment motion was set for a hearing in mid-March 2023. Counsel appeared on Danny's behalf, but Billie remained unrepresented. Following this hearing, the trial court issued an order noting various parties claimed they did not receive notice of the hearing on the motion for the Fullers to fully occupy their property in February 2023. The order also stated that the Childers must clear all their personal property from the building within twenty days. Later, another hearing was set on the summary judgment motion for late April 2023.

Prior to the hearing, Danny filed a response, by counsel, to the summary judgment motion. Danny asserted that material issues of fact remained.

He also claimed the Fullers were properly named as defendants because they had admitted to destroying or discarding the Childers' property (in his view) and that the Plaintiffs (the Childers) were entitled to relief for the destruction of their property. Lastly, Danny stated he was only recently given a chance to enter the building and retrieve belongings and he asserted he should be given a chance to determine the identity and value of destroyed items before the court ruled on summary judgment.

The trial court conducted a hearing in late April 2023, immediately asking if the Childers had retrieved their personal property from the building. The Fullers' counsel told the court that Danny had come to the building with other people for about two-and-a-half days and worked on removing some contents. He also indicated Danny was supposed to come back at a certain time but did not show up then. He stated Billie had never contacted him to arrange a time to pick up items. He asserted the Childers had violated a court order and waived any right to remaining property because they had abandoned everything.

Danny's counsel said she could only speak for her client, who had had difficulty removing everything from the building. She said she swapped emails with the Fullers' counsel, and she said her client intended to pick his things up.

The Fullers' counsel also discussed the asserted grounds for summary judgment upon the court's request – noting the deed listed the LLC as the owner of

the building rather than the Fullers and arguing a "DBA" was a recognized business form so that the complaint filed *pro se* by Childers was void *ab initio*.

Danny's counsel argued material issues of fact remained and that the Fullers were proper defendants and had destroyed or disposed of property belonging to the Childers. She also asserted her client was entitled to relief or at least damages and stated Danny was only recently given the chance to see what property remained in the building.

The Fullers' counsel pointed to photographs and stated a lot of property had been left. He also noted a court order said the Fullers could destroy anything that remained if not picked up by a certain date. He also pointed out the Fullers had not always owned the premises, since they (or their LLC) had bought it from the Maude Yost Cline Estate which previously owned the building and leased it to the Childers. Counsel denied any assertions that his clients admitted to disposing of property, directing attention to their answer and discovery.

In early May 2023, the trial court entered an order granting summary judgment in favor of the Fullers. It found the Fullers had no ownership interest in the building and were therefore not proper parties to the action. It also determined the Childers lacked standing to assert claims on behalf of their business against the Fullers. So, it dismissed all the Childers' claims against the Fullers and then further stated all claims were moot due to the removal of contents of the C & C

-6-

Carpet & Vinyl store building by the Childers or their agents. Lastly, it deemed the order final and appealable with no just cause for delay.

Danny then filed a timely appeal of the summary judgment granted in favor of the Fullers. (Billie did not file her own notice of appeal.) Although Danny did not name Billie as a party to the appeal in the body of his notice of appeal, he listed Billie in the caption of his notice of appeal. He also listed Billie in the certificate of service of his notice of appeal. And both Danny and the Fullers listed Billie in the certificate of service on their appellate briefs.

**Appeal Not Dismissed for Failure to Name an Indispensable Party**

Before we address the issues raised on appeal, we first address Danny's failure to list Billie as a party to the appeal in the body of his notice of appeal. As Billie was listed in the caption and in the certificate of service on the notice of appeal, this constitutes substantial compliance with the requirement of naming indispensable parties and the appeal need not be dismissed for failure to name an indispensable party given recent changes in the law. *See generally Mahl v. Mahl*, 671 S.W.3d 140, 148-51 (Ky. 2023); RAP[1] 2(A)(2). Next, we address the appellant brief's lack of preservation statement.

---

[1] Kentucky Rules of Appellate Procedure.

**Danny's Brief Lacks the Preservation Statement Required by RAP 32(A)(4) so We Review Solely for Palpable Error Resulting in Manifest Injustice**

Danny's appellant brief fails to contain the preservation statement required by RAP 32(A)(4). RAP 32(A)(4) states an appellant brief "shall contain at the beginning of the argument a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner." Furthermore, the appellee brief pointed out the lack of preservation statement, but Danny did not file a reply brief to correct his failure to include a preservation statement in his appellant brief.

A preservation statement is important because it ensures that issues were previously raised to the trial court and are therefore appropriate for appellate consideration. *Gasaway v. Commonwealth*, 671 S.W.3d 298, 311 (Ky. 2023). Appellate courts are not obliged to search the record to see whether and where issues are preserved. Furthermore, "the fact and manner of preservation generally determines the applicable standard of review." *Id*.

More specifically, when an appellant brief contains no preservation statement, we have the discretion to treat issues raised on appeal as unpreserved and review only for palpable error resulting in manifest injustice. *Ford v. Commonwealth*, 628 S.W.3d 147, 155 (Ky. 2021); *Gwaltney v. Board of Social*

*Work*, 644 S.W.3d 270, 273 n.4 (Ky. App. 2022); *Progressive Direct Insurance Company v. Hartson*, 661 S.W.3d 291, 298 n.9 (Ky. App. 2023). CR[2] 61.02.[3]

Given the lack of proper statement with reference to the record identifying if and how issues raised on appeal were presented to the trial court and preserved for review, we review the trial court's grant of summary judgment in favor of the Fullers solely for palpable error resulting in manifest injustice.[4]

**No Palpable Error Resulting in Manifest Injustice in Trial Court's Ruling on Summary Judgment Without Allowing Additional Time for Discovery**

First, Danny contends the family court failed to afford him a sufficient opportunity to conduct discovery on his claims against the Fullers before it granted summary judgment in the Fullers' favor. Danny asserts he had only recently gained access to the building and needed discovery to ascertain his damages.

The case had been pending for about fifteen months and Danny was represented by counsel for about ten months when the summary judgment motion

---

[2] Kentucky Rules of Civil Procedure.

[3] Additionally, since failure to include a preservation statement may reasonably be deemed a substantial failure to comply with appellate briefing rules, this entails a risk of having one's brief stricken. *See* RAP 31(H)(1) ("A brief may be stricken for failure to substantially comply with the requirements of these rules."). We direct counsel's attention to the appellate briefing handbook provided on our website for future reference to prevent further risks to oneself and clients for failing to comply with appellate briefing rules. P56BasicAppellatePracticeHandbook.pdf (kycourts.gov) (last visited May 24, 2024).

[4] As this is an appeal solely from the trial court's grant of summary judgment in favor of the Fullers and dismissal of Childers' claims against the Fullers, the trial court's resolution of Childers' claims against any other defendants is not at issue in this appeal.

was granted. Danny has not pointed to any discovery requests propounded by Childers, Billie, or him individually. Nor has Danny specifically identified how any additional discovery might provide information which could show the existence of material issues of fact for trial – other than generally asserting he needed discovery to ascertain his damages.

The Fullers argue that discovery of matters relating to ascertaining damages would not create issues of material fact considering the grounds for the trial court's grant of summary judgment – the Childers' lack of standing and the Fullers' not being proper parties to the action. Danny did not respond to this argument as he did not file a reply brief.

Based on the briefs and the record before us, we discern no palpable error in the trial court ruling upon the summary judgment motion at the time it did rather than allowing Danny additional time for discovery.

Kentucky case law makes clear that discovery does not necessarily have to be complete to permit ruling on a motion for summary judgment. Instead, the relevant question is whether there has been a fair opportunity to complete discovery before the trial court rules on a summary judgment motion. *See, e.g.*, *Hartford Ins. Group v. Citizens Fidelity Bank & Tr. Co.*, 579 S.W.2d 628, 630 (Ky. App. 1979); *Cargill v. Greater Salem Baptist Church*, 215 S.W.3d 63, 69 (Ky. App. 2006); *Henninger v. Brewster*, 357 S.W.3d 920, 928-29 (Ky. App. 2012).

Unfortunately for Danny, at least some Kentucky appellate precedent indicates an ample opportunity for discovery has been provided when the case has been pending about a year. *See, e.g.*, *Rich for Rich v. Kentucky Country Day, Inc.*, 793 S.W.2d 832, 838 (Ky. App. 1990) (thirteen months between filing of complaint and entry of summary judgment indicated an ample opportunity to conduct discovery had been provided). Especially given Danny's having counsel for about ten of the fifteen months the case was pending, the trial court's apparent conclusion that an adequate opportunity for discovery had already been provided does not amount to palpable error resulting in manifest injustice.

Furthermore, a trial court need not delay ruling on a summary judgment motion to allow additional discovery if discovery could not possibly establish a material issue of fact – for example, when the complaint fails to state a claim for relief. *See id*. at 837 (summary judgment properly granted in part due to not recognizing cause of action for educational malpractice); *Hoke v. Cullinan*, 914 S.W.2d 335, 337-40 (Ky. 1995) (affirming grant of summary judgment based on holding that complaint alleging ordinary negligence did not state a claim for relief for injuries occurring in a sporting event).

Also, assuming there has been a fair opportunity for discovery, a trial court need not delay ruling on a summary judgment motion to permit additional time for discovery for unspecified reasons. *See Leeds v. City of Muldraugh*, 329

-11-

S.W.3d 341, 344 (Ky. App. 2010) (affirming grant of summary judgment despite appellants' assertions of needing more time for discovery without identifying what kind of evidence they sought to obtain).  Again, other than generally asserting he needed discovery to ascertain his damages, Danny did not specify what kind of discovery he sought and he apparently propounded no discovery requests.

Not only is additional time for discovery not required for less than specific requests, but a trial court does not have to grant additional time for discovery on irrelevant matters which could not show a material issue of fact affecting the moving party's right to judgment in their favor.  *See Carberry v. Golden Hawk Transp. Co.*, 402 S.W.3d 556, 564 (Ky. App. 2013) (affirming grant of summary judgment despite any failure to complete discovery as an assault had indisputably occurred and assault could not have been within the course and scope of employment duties); *Curty v. Norton Healthcare, Inc.*, 561 S.W.3d 374, 378-79 (Ky. App. 2018) (affirming grant of summary judgment despite assertions of discovery being incomplete due to plaintiff's lack of access to medical records since medical records could not show the existence of a material issue of fact based on the record).  *See also Key v. CitiMortgage, Inc.*, 686 S.W.3d 630, 637 (Ky. App. Sep. 1, 2023, ordered published by Kentucky Supreme Court on March 8, 2024) (defining *genuine issues of material fact* as "meaning that the factual dispute

-12-

actually affects whether the party moving for summary judgment is entitled to judgment in his/her favor.").

Additional discovery would not have changed the fact that the Childers leased the Hambley Boulevard building as a "DBA." Nor would it have changed the fact that an LLC, not the Fullers, owned that building. These facts are the fundamental grounds for the trial court's decision to grant summary judgment to the Fullers.

In sum, considering the time which had passed since the complaint was filed and Danny retained counsel, the lack of discovery requests propounded by Danny, and the lack of specific identification of material issues of fact, the trial court's ruling on the summary judgment motion when it did rather than allowing additional time for discovery was not a palpable error resulting in manifest injustice.

**Danny Does Not Argue Any Error in Two of the Three Grounds Identified for the Trial Court's Grant of Summary Judgment**

The Fullers point out in their brief that Danny's brief does not address whether the trial court was correct in its finding two of the three grounds for summary judgment. In other words, Danny's appellant brief does not claim that the trial court erred in granting summary judgment based on the grounds that: 1) the Fullers were not proper parties "as they have no ownership interest in the properties set forth in the Plaintiffs' Complaint" (apparently referring to the

Hambley Boulevard building or its contents) and 2) "Plaintiffs [Childers] lack standing to assert any claims against Defendants Megan Fuller and Rodney Fuller under Rule 17.01." Furthermore, Danny filed no reply brief to respond to Fuller's pointing out the lack of argument about these two grounds for summary judgment.

When an appellant such as Danny does not make arguments about why such grounds for summary judgment are in error, it is not our role to make such arguments on his or her behalf. *See Hadley v. Citizen Deposit Bank*, 186 S.W.3d 754, 759 (Ky. App. 2005) ("It is not our function as an appellate court to research and construct a party's legal arguments[.]"). And we must conclude that any argument that the trial court was in error in granting summary judgment on these two grounds has been waived due to Danny's failure to make such arguments in his appellant brief. *Personnel Bd. v. Heck*, 725 S.W.2d 13, 18 (Ky. App. 1986) ("Failure to raise an issue on appeal waives it . . . .").

While we cannot assume there was any error in the absence of a party's arguments of error, we decline to express any opinion on whether the trial court was correct in granting summary judgment on the two stated grounds regarding Childers' lacking standing and the Fullers not being proper parties. But the trial court's order clearly granted summary judgment based on these two grounds and dismissed the Childers' claims against the Fullers accordingly –

before it also stated such claims were moot due to removal of items from the building by the Childers and their agents.

With no arguments from Danny for reversing based on the trial court's granting summary judgment based on these two grounds that the Childers lacked standing and that the Fullers were not proper parties, we simply cannot reverse based on any error in granting summary judgment on these grounds.

**As Any Error in Trial Court's Determinations that Childers Lacked Standing and the Fullers Were Not Proper Parties Has Been Waived, We Discern No Palpable Error in the Trial Court's Granting Summary Judgment for the Fullers Based on Any Argument in Danny's Appellant Brief**

Despite waiving any issue about the Childers' standing to assert claims, or the Fullers' not being proper parties through lack of appellate argument on these issues, Danny generally argues that the trial court erred in concluding the Fullers were entitled to summary judgment since material issues of fact exist in his view. Danny cites precedent about the elements of conversion. *See Jones v. Marquis Terminal, Inc.*, 454 S.W.3d 849, 853 (Ky. App. 2014) (listing elements of conversion). Danny also cites precedent clarifying the standard for granting summary judgment in Kentucky. *See Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480-83 (Ky. 1991).[5]

_____

[5] Despite referring to summary judgment standards set forth in the 1991 Steelvest case, 807 S.W.2d 476, Danny's brief only cites to a different *Steelvest* case which does not explicitly address Kentucky's standards for granting summary judgment. *See* Appellant brief, p. 9, citing

Noting that the relevant question is not whether a party will succeed at trial but whether it is impossible for a party to produce evidence at trial in his favor and whether material issues of fact exist for trial, *see id.* at 481-82, Danny argues that genuine issues of material fact exist here. Danny contends that the trial court erred in finding the Childers' claims against the Fullers moot based on the removal of items from the building by the Childers or their agents. Danny points to a document filed in the record by the Fullers which he views as their admitting to discarding contents of the Hambley Boulevard building.

He also notes the Fullers relied on a district court order purportedly finding the Childers had abandoned property at the Hambley Boulevard building.[6] He suggests this order contradicts a family court order stating that property contained in this building (also known as the C & C Carpet building) was the Childers' marital property subject to master commissioner sale and was not to be disturbed.[7]

---

*Steelvest, Inc. v. Scansteel Service Center, Inc.*, 908 S.W.2d 104 (Ky. 1995). We strongly urge counsel to take greater care to accurately cite to supporting legal authority in the future.

[6] Documents purporting to be a motion filed in the district court and a Forcible Detainer Judgment rendered by the district court were filed as exhibits in the record for this case (Childers' lawsuit against the Fullers). We do not have the district court record, but no one has asserted that any motion to vacate the district court judgment (such as a CR 60.02 motion) was filed in the district court. Also, no one has asserted that any appeal from the district court's judgment was ever filed.

[7] One page of what appears to be the divorce decree (which is not identified by party names or case number) was filed as an exhibit in the record for this case. This page contains a provision stating the Master Commissioner would inventory the contents of the storefront of the C & C

But regardless of whether these matters show any issue of fact, any such issue of fact cannot be material if the Childers' recovery from the Fullers is impossible due to the trial court's determinations of the Childers' lacking standing to assert the claims in their lawsuit – which Danny has not challenged in his appellant brief.

As our Supreme Court recently stated:

> It remains not merely an option but a constitutional duty of *all* courts of the Commonwealth, including this one, to refrain from resolving controversies that are not justiciable. Standing is a fundamental question going to the justiciability of a plaintiff's claim. Where the plaintiff lacks standing to bring a claim, especially for such a basic reason as lack of title, the claim is not justiciable, and a Kentucky court must, even on its own motion, dismiss claims to which the claimant or plaintiff lacks standing.

*Phillips v. Rosquist*, 628 S.W.3d 41, 47-48 (Ky. 2021) (footnotes omitted). Given the trial court's unchallenged-on-appeal determination that the Childers lacked standing to bring their claims against the Fullers, logically there was no palpable error in the trial court's dismissing the Childers' claims against the Fullers.

In short, the trial court's granting summary judgment for the Fullers and dismissing the Childers' claims against the Fullers did not result in palpable

---

Carpet Building on Hambley Boulevard and that "the parties" should not enter the building starting on August 7, 2021. (R, p. 284.) We do not have the family court record of Childers' divorce proceedings before us, however, or even the remainder of the document from which that lone page was taken.

error resulting in manifest injustice for any reason argued by Danny in his brief. Thus, we must affirm.

Further arguments or issues raised in the briefs have been determined to lack merit or relevancy to our resolving this appeal – for example, we need not address whether there was a judicial admission of the Fullers' having discarded the contents of the building since Danny has not challenged the trial court's determination that the Childers lacked standing.

## CONCLUSION

For the reasons stated herein, we **AFFIRM** the trial court's judgment.

ALL CONCUR.


BRIEF FOR APPELLANT:

Ashley N. Sturgell
Whitesburg, Kentucky

BRIEF FOR APPELLEES:

Dustin R. Williams
Pikeville, Kentucky